## AHO *vs.* AHUNA *et al.*

### IN EQUITY. BEFORE HARRIS, J.

### FEBRUARY, 1875.

The question as to whether a wife can by will bar her husband of curtesy held not necessary to be decided in this case: the question being as to ownership of crops on the wife's land, and it appearing that the husband, living apart from his wife, assented to cultivation of the land by a tenant, who supported the wife: the tenant has, therefore, a reasonable time to harvest his crop.

### DECISION OF HARRIS, J.

The bill sets forth that the land—the crops whereof are the subject of this suit—is the property of Kalemela (w.) and Naaleokahualoa (w.) who were tenants in common, which land is "described in Exhibit A., hereto attached."

Kalemela was the wife of the plaintiff Aho, and died in the month of April last, leaving a son, who is the son of the plaintiff, to whom she devised her share of the land in question by a will duly admitted to probate on the 14th April last, when the aunt of the infant, Naaleokahualoa, one of the defendants, and the infant's father, who is plaintiff in this case, were appointed guardians of the property of the infant. So that it is evident that the infant Kama Aho, by right of his mother, is tenant in common of the land with his aunt.

The bill goes on to recite that Ahuna, one of the defendants, with the consent of the other defendant—who is, or has been as

said before, tenant in common of the land—has cultivated several crops of kalo and disposed of them to his sole use, and has a crop of kalo now matured; and that both of these defendants refuse to deliver over any part of the kalo now on the land, and to account for any part of the preceding crops, and the prayer is: "That the defendants deliver over to the plaintiff his just share of the present crop, and account for his just share of the former crops, and that a partition be made of the land."

It appears by the answer and proofs that the mother of Kalemela and Naaleokahualoa was alive until very lately, and that all the cultivation which the defendant (Ahuna) did, except the crop that is now in the ground and one before, were cultivated by the permission of the said mother; so that the whole matter is reduced to the crop now in the ground and the one preceding.

The plaintiff says that he is entitled to the profits of the land after his mother-in-law's decease and during his wife's life-time, that is, for one crop, by virtue of his marriage, and that she could not make a will which, after her decease, would bar him of his curtesy during his son's minority. The statute regarding the right of married women to make wills reads as follows:

Civil Code, Sec. 1464: "Any married woman may dispose by will, of all property belonging to her in her own right, in like manner as a person under no disability might do."

And the statute regarding a husband's curtesy in the wife's estate reads as follows:

Civil Code, Sec. 1286: "Provided, that in case his wife shall first die, the husband legally married as aforesaid, shall cease to have control over the immovable and fixed property of his wife, and the same shall immediately descend to her heirs as if she had died sole, unless there happen to be legitimate issue of the marriage within the age of legal majority; in which case the husband shall continue to enjoy a curtesy in said immovable or fixed property, until such issue shall attain majority,

when the same shall descend to the heir or heirs of the body of the wife."

The proofs disclose the facts that the plaintiff and his deceased wife Kalemela lived apart; that by her authority whilst so living apart from her husband, Ahuna, one of the defendants, cultivated the patches which were her property, and in consideration thereof supplied Kalemela with the necessaries of life.

To this occupation and use of the land the husband did not object. It was a natural and reasonable use of the land under the circumstances, and the husband must be presumed to have assented to the disposition which the wife made of the property. This will certainly dispose of the crop which preceded that now in the ground, and the tenancy with the consent of the husband is established. The defendant Ahuna commenced to plant the crop now standing under the arrangement above indicated, and during the year Kalemela died. It will follow that the tenant is entitled to such time as is necessary for his crop to mature and be gathered; and the plaintiff again must be presumed to have assented to the crop being put in by the defendant on the terms agreed by the wife, and consequently can have no interest in the crop.

This view of the case renders it unnecessary to decide in this case whether the curtesy of the husband is barred by the will of the wife.

The land should be divided between Naaleokahualoa and the infant son of Kalemela; and the defendant, Ahuna, should remove his kalo from the infant's portion as soon as possible. John E. Barnard, Esq., and Curtis J. Lyons, Esq., are appointed commissioners to divide the land. Thus it will be seen that the question of right by curtesy does not affect this case, and the plaintiff being guardian for his son, it probably will not arise between them.

Costs to be divided equally between the parties, one half to the plaintiff and one half to the defendants.

*A. S. Hartwell,* for plaintiff.

*S. B. Dole,* for defendants.

February 13, 1875.